IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Dorothy Dimattei** <br> 12723 Pony Rest Lane <br> Ocean City, Maryland 21842 | * <br><br> * |
| **Stephen Stark, Jr.** <br> 12723 Pony Rest Lane <br> Ocean City, Maryland 21842 | * <br><br> * |
| **Drupattie Holrowd** <br> 8803 Coastal Highway <br> Ocean City, Maryland | * <br><br> * |
| Plaintiffs | * |
| v. | *     Case No. _____ <br>        **JURY TRIAL REQUESTED** |
| **Sea Scape Motel, LLC** <br> 103 N. 16th Street <br> Ocean City, Maryland 21842 | * <br><br> * |
| **PRBR Hospitality Group, LLC** <br> 1510 Baltimore Avenue <br> Ocean City, Maryland 21842 | * <br><br> * |
| **Mr. Thomas C. Bennett** <br> 1510 Baltimore Avenue <br> Ocean City, Maryland 21842 | * <br><br> * |
| **Piteo Giovanni** <br> 1510 Baltimore Avenue <br> Ocean City, Maryland 21842 | * <br><br> * |
| Defendants | * |

## COMPLAINT FOR
## UNPAID OVERTIME WAGES

Plaintiffs, Ms. Dorothy Dimattei, Mr. Stephen Stark, Jr., Ms. Drupattie Holrowd through undersigned counsel, state a complaint against Defendants Sea Scape Motel, LLC,

PRBR Hospitality Group, LLC, and Messrs. Thomas C. Bennett and Piteo Giovanni ("Defendants"), who together are individually and jointly liable as a single enterprise pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1. This is a lawsuit brought by three Plaintiffs who worked at "Sea Scape Motel," a motel located in Ocean City, Maryland which has other integrated and related real estate operations beyond just the operation of Sea Scape Motel, such as operating Blue Surf apartments. Plaintiffs allege that Defendants willfully violated very clear and well-established overtime provisions of the FLSA and MWHL, and that there is no genuine bona fide dispute as to the right of the Plaintiffs to receive overtime wages.

2. In addition to actual sums owed, Plaintiffs seek liquidated and/or statutory enhancement damages pursuant to the FLSA, MWHL and the MWPCL, along with attorneys' fees and costs as provided under the FLSA, MWHL, and the MWPCL. Plaintiffs are residents of Worchester County, Maryland.

3. The corporate Defendants, Sea Scape Motel, LLC and PRBR Hospitality Group, LLC are, upon information and belief, operated by Messrs. Thomas C. Bennett and Piteo Giovanni, (the "individual Defendants") and do business in Ocean City, Maryland.

4. Plaintiff Dimattei worked for Defendants cleaning motel rooms, washing and folding laundry, was assigned the title of housekeeping manager, and performed other housekeeping duties as assigned. Plaintiff Dimattei worked from April through October in 2014 and 2015.

5. Despite Plaintiff Dimattei's regular work of over 40 hours in a statutory work week, Plaintiff Dimattei was just paid the "straight time" hourly minimum wage.

6. Similarly, Plaintiff Stark worked for Defendants as a maintenance man, performing various repair and maintenance functions to Defendants various properties (which include Blue Surf apartments).

7. Plaintiff Stark believes that he worked from August through October in 2015 and from April to October 2016.

8. Like Plaintiff Dimattei, Plaintiff Stark was only paid straight time minimum wage, despite the fact that he regularly worked overtime (except Defendants reduced his hours after August 2016, after Plaintiff Stark inquired why overtime was not paid).

9. Plaintiff Holrowd worked from April to October 2014. Plaintiff Holrowd worked 60 hours or more per week, throughout the Summer season. Plaintiff Holrowd paid Defendants to live on the premises. Like Plaintiffs Dimattei and Start, Plaintiff Holrowd was only paid her straight time wage, which on information and belief was the minimum wage, despite regularly working over 40 hour per week.

10 All three Plaintiffs were never paid an overtime rate of 1 ½ times their regular rate, as required by Federal law (and Maryland law, which covered the Defendants beginning July 1, 2014), for all of the hours that they worked.

11. At all times material herein, the corporate Defendants had annual gross volume of sales made or business done in an amount exceeding $500,000.00. Plaintiff Dimattei knows this based on her knowledge of the number of rooms of the motel and the rate of occupancy.

12. Upon information and belief, each of the individual Defendants are co-owners and officers of the Defendant Sea Scape Motel, LLC and PRBR Hospitality Group, LLC. The

individual Defendants handle all management duties, including bookkeeping and scheduling functions. The individual Defendants supervise the administration of the business, including the scheduling of employees and upon information and belief, and set the wages for work. Upon information and belief, each of the individual Defendants receives wages and dividends from the corporate Defendants. The individual Defendants have actively engaged in the management and direction of employees, including the Plaintiffs, and have possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees of the corporate Defendants, including the Plaintiffs. Both Defendants played integral roles in, and had knowledgeable of, the pay practices of the corporate Defendants. Specifically, Defendant Bennett would write the paychecks for the Plaintiffs and Defendant Giovanni would sign the paychecks. Upon information and belief, the individual Defendants have custody and control of business records and are responsible for maintaining those records. At all times material herein, each of the individual Defendants are an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, LE art. 3-401(b), and the MWPCL, Md. Ann. Code, LE art. 3-501(b), and thus, the individual Defendants are jointly and individually liable under the FLSA, MWHL, and MWPCL for damages to the Plaintiffs.

13. Defendant PRBR Hospitality Group, LLC is a limited liability corporation formed under the laws of the State of Maryland, to hold, manage and to operate the real estate where Sea Scape Motel performs sales and employs employees and provides housing for such employees, and/or is a successor entity which has received the real estate holdings from Sea Scape Motel, LLC, which is preparing to open a new motel under the "Hyatt Place Hotel" name. Defendant PRBR Hospitality Group, LLC acts directly or indirectly in the interests of Sea Scape Motel, LLC and the individual Defendants, as it is closely integrated with Sea Scape Motel, LLC,

supplies and provides Sea Scape Motel, LLC with real estate to perform its operations, and specifically provides housing to employees of Sea Scape Motel, LLC. Upon information and belief, Defendant PRBR Hospitality Group, LLC recently received the real estate holdings of Defendant Sea Scape Motel, LLC on February 9, 2016 without any consideration. Upon further information and belief, Defendant PRBR Hospitality Group, LLC has provided accommodations to foreign workers employed pursuant to the J-1 visa program (or who have overstayed visitor, student, or exchange visitor visas). By providing foreign and other workers with living accommodations, Defendant PRBR Hospitality Group, LLC acts directly in the interests of Defendant Sea Scape Motel, LLC's interest as an employer by maintaining a labor pool of workers who would otherwise be unable to find reasonable living accommodations in a seasonal resort area such as Ocean City, Maryland. Upon information and belief, Sea Scape Motel, LLC and the individual Defendants collect the rent for employee living quarters by taking pay directly out of employee paychecks (such as Plaintiff Holrowd), and upon information and belief, transfers said money to PRBR Hospitality Group, LLC, an entity owned by the individual Defendants. Upon information and belief, none of the corporate formalities of PRBR Hospitality Group, LLC and Sea Scape Motel, LLC have been followed or maintained by the individual Defendants. At all times material herein, Defendants Sea Scape Motel, LLC and PRBR Hospitality Group, LLC have, at all material times herein, been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendants Sea Scape Motel, LLC and PRBR Hospitality Group constitute a single enterprise and joint employers and thus jointly and individually liable for damages to the Plaintiffs, arising under the FLSA, MWHL, and MWPCL.

14.  As they both provide a central purpose and a commonality in their combined operations, Defendants Sea Scape Motel, LLC and PRBR Hospitality Group, LLC, together with the individual Defendants, constitute a single enterprise and a joint employer, having at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce. For instance, there are two or more employees of the Defendants who order, purchase, and use cleaning and housekeeping supplies from producers and suppliers who operate in interstate commerce. There are two or more employees who use and otherwise handle these supplies that cross interstate boundaries. Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by the Defendants, a single covered enterprise, which satisfies the enterprise coverage provisions under the FLSA. As a single enterprise, Defendants have been at all times material herein an "employer" within the meaning of the FLSA.

15  All actions giving rise to this lawsuit, including the denial of overtime wage payments, occurred in the District of Maryland. Accordingly, venue is proper.

16.  This Court has subject matter jurisdiction to hear these FLSA claims. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

### **Factual Allegations**

17.  For purposes of Plaintiffs' FLSA and MWHL claims, and at all times relevant to the events alleged in this complaint, the Plaintiffs were employees of the Defendants.

18.  Over the last three years, the Plaintiffs have worked for Defendants and provided basic labor at an hourly rate.

19. Plaintiffs were not exempt under the FLSA's overtime requirements. Plaintiffs Dimattei and Holrowd became covered under the MWHL's overtime provisions on July 1, 2014.

20. Plaintiffs routinely worked in excess of a forty hour workweek, sometimes as many as 55 hour or more per week, without additional pay for their overtime hours. These records are reflected in Defendants payroll documents.

21. The Defendants have violated the FLSA and MWHL by failing to pay the Plaintiffs pay 1 ½ times their hourly wage when they worked over 40 hours in a statutory workweek.

## Causes of Action

### COUNT I
### (FLSA - Failure to Properly Pay Overtime)
### (All Defendants – Joint Employers)

22. Plaintiffs incorporate paragraphs 1-21 as set forth above, and plead and state that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants - at all times during the Plaintiffs' employment - have failed and otherwise refused to compensate Plaintiffs at a proper overtime rate, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiffs' regular rates of pay, as required by Federal law and applicable Federal regulations.

### COUNT II
### (Maryland Wage/Hour Law - Failure to Pay Overtime
### (Plaintiffs v. Defendants)

23. Plaintiffs incorporate paragraphs 1-22 as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-415, because Defendants failed to pay the Plaintiffs an overtime wage of at least 1 ½ times the applicable minimum wage, for certain statutory work weeks in which Plaintiffs' hours exceeded forty (40) hours after July 1, 2014, and as a result, Plaintiffs have failed to receive overtime

pay, as required by Md. Ann. Code LE art. § 3-415, for the hours that they have worked after July 1, 2014.

## COUNT III
### (Violation of MWPCL Act – Unpaid Wages)
### (Plaintiffs vs. Defendants)

24. Plaintiffs incorporate paragraphs 1-23 as set forth above, and state that the actions of Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

25. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime as applicable under the MWHL.

26. That impliedly, by operation of law, Plaintiffs were entitled to be paid statutory minimum wages and minimum overtime wages by Defendants, which have not been paid during the course of Plaintiffs' employment with Defendants.

27. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to be paid all lawful wages due arising from their respective employment with Defendants. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

28. Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages, that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees

and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime premiums awarded to Plaintiffs pursuant to the FLSA and MWHL;

(b) Order Defendants to pay the Plaintiffs an amount equal to triple the amount of unpaid overtime wages owed Plaintiffs under the MWHL, after an accounting has been performed, as Plaintiffs are entitled to such damages under MWPCL;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

January 17, 2017

## Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.