## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Dorothy Dimattei, et al, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 17-cv-00154-ELH |
| Sea Scape Motel, LLC, et al. | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AGREEMENT

Plaintiffs, Dorothy Dimattei ("Dimattei"), Stephen Stark, Jr. ("Stark") and Drupattie Holroyd ("Holroyd") together with the Defendants, Sea Scape Motel, LLC ("Sea Scape"), PRBR Hospitality Group, LLC ("PRBR"), Thomas C. Bennett ("Bennett"), and Giovanni Piteo ("Piteo," with Sea Scape, PRBR and Bennett, collectively, "Defendants"), jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.

In support of the foregoing, the parties submit the following:

1.     Within three years preceding the filing of this lawsuit, the three Plaintiffs worked at various times and in various capacities at the Sea Scape Motel, located in Ocean City, Maryland.

2.     Plaintiffs each alleged that they were not paid overtime for their work.

3.     Defendants deny Plaintiffs' allegations, but after filing an Answer to this lawsuit, counsel for the Defendants and Plaintiff engaged in discussions and Defendants provided counsel for the Plaintiff with the payroll records for each of the three Plaintiffs.

4.      Plaintiff's counsel then had Elana Schulman, CPA/CFE,[1] calculate unpaid wages, including liquidated damages under the FLSA (and additional damages under the Maryland Wage Payment and Collection Law ("MWPCL").

5.      Plaintiff's counsel presented Defendants' counsel with an uncompromised demand, and the parties engaged in various discussions.  To resolve the matter without further costs and litigation regarding whether the amounts claimed were due or the propriety of the amount of statutory damages, without admitting liability, Defendants agreed to pay the Plaintiffs the entire amounts demanded.

6.      As per the attached Settlement Agreement (Exh. 1), Plaintiff Dimattei will recover $5,199.56, which is three times the amount of unpaid overtime and three times the amount of a small minimum wage deficiency, not pled in the lawsuit, but nevertheless settled at three times the amount due.

7.      As per the attached Settlement Agreement (Exh. 1), Stephen Stark Jr. will recover $1,657.60, which is three times the amount of unpaid overtime owed to Mr. Stark.

8.      Finally, as per the attached Settlement Agreement (Exh. 1), Drupattie Holroyd will receive $660.50, which is three times Ms. Holroyd's unpaid overtime, plus five hundred dollars to compensate Ms. Holroyd for deductions from her pay for housing which Ms. Holroyd questioned.  (Ms. Holroyd did not bring a claim for minimum wage violations due to housing deductions, but this potential claim is being settled at this time.  For a greater explanation of this issue, please see the Declaration of Howard B. Hoffman, Esq., attached as Exh. 2, ¶ 15).

9.      Generally speaking, "[u]nder the FLSA 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*,

---

[1]      Certified Public Accountant / Certified Fraud Examiner

DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)).  "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").  In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014).  Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)*. Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)).  The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 2014 WL 2174751 at *2 (*citing Saman*, 2013 WL 2949047 at *3).  *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).  "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney

who can protect [his] rights under the statute.' " *Duprey* at \*2 (*citing Lynn's Food Stores, 679 F.2d at 1354*).

10.     However, neither the Fourth Circuit nor any Judge in this District has addressed the issue of what review is necessary where, as here, the parties agree that the settlement represents full relief under the FLSA.  The parties submit that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required.  *Silva v. Miller*, 307 Fed.Appx. 349, \*2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, \*1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003).  The Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.

11.     The parties represent that full and complete relief is being made with respect to Plaintiffs' FLSA overtime claims and thus a full review of all of the typical factors is not required.  This is particularly true given the added fact that Plaintiffs' utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs.  *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, \*2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement, and reviewing wage calculations prepared by Elana Schulman, CPA/CFE).  The spreadsheets prepared by Ms. Schulman as to the Plaintiffs' damages are attached as Exhibit 3.

12.    There remains the issue of Attorneys' Fees and Costs.  "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3.  "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'"  *Lane*, 2011 WL 3880427, at *3 (citation omitted).  The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended."  *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

13.    Under the Settlement Agreement, Plaintiff's counsel would receive $8,000.00 for Attorneys' Fees and Costs incurred.  *See* Exhibit 1.  Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was reached with respect to the Plaintiffs' settlement outcomes.  Given the full and uncompromised relief to the Plaintiffs as to their overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiffs' personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[2]

---

[2]    If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); see also *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

14. Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits a Declaration together with a detailed billing statement. *See* Exhibit 2. As detailed in this billing statement, Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[3] and has worked 24.90 hours. *See id.* In addition to the above, costs in this case amount to a total of $712.85. *See id.* As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of May 12, 2017 is approximately $10,672.85 ($9,960.00 in fees and $712.85 in expenses). In light of these figures, the amount of attorneys' fees Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs claimed by counsel.

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and appropriate to approve of and assist the parties in implementing the terms of the Settlement Agreement.

---

[3]   Mr. Hoffman has seventeen years of legal experience. *See* Exh. 2. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled vigorous objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

Respectfully submitted,


_____/s/_____          _____/s/_ (with permission)
Howard B. Hoffman, Esq.                      T. Christine Pham
Federal Bar No. 25965                        Federal Bar No. 25446
600 Jefferson Plaza, Suite 304               25 S. Charles St., Suite 2115
Rockville, Maryland 20852                     Baltimore, Maryland 21201
(301) 251-3752 [tele]                        (410) 727-6600 [tele]
(301) 251-3753 [fax]                         (410) 727-1115 [fax]

*Counsel for Plaintiffs*                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2017, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


_____/s/_____
Howard B. Hoffman